HOWARD T. CHANG, AAL, ALC
HOWARD T. CHANG #1695-0
1003 Bishop St Ste 475
Honolulu, Hawaii 96813
Telephone No. (808) 533-2877
Facsimile No. (808) 531-4747
E-mail: howardchang.crimtaxatty@hawaiiantel.net

COUNSEL PRO HAC VICE
GARY H. KUWADA (CBN 140284)
GARY H. KUWADA APC
601 S. Figueroa St Ste 3460
Los Angeles, CA 90017
Telephone No. (213) 623-5513
Facsimile No. (213) 623-5301
Email: gary@garykuwada.com

COUNSEL PRO HAC VICE
STEVEN R. MATHER (CBN 109566)
MATHER | ANDERSON
1801 Century Park Cast, Ste 1460
Los Angeles, CA 90067
Telephone No. (310) 278-6088
Facsimile No. (310) 278-4805
Email: smather@matheranderson.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OSAMU KUROTAKI,<br>　　　　Plaintiff,<br>　v.<br>UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF THE TREASURY and THE INTERNAL REVENUE SERVICE,<br>　　　　Defendants. | COMPLAINT; DEMAND FOR JURY TRIAL; EXHIBIT A |

# COMPLAINT

PLAINTIFF OSAMU KUROTAKI, by and through his undersigned attorneys, hereby makes his Complaint against the UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF THE TREASURY and THE INTERNAL REVENUE SERVICE for refund of penalty payments made & to set aside as arbitrary, capricious & in violation of law DEFENDANT'S January 25, 2021 final decision imposing excessive FBAR penalties against Plaintiff.

1. PLAINTIFF OSAMU KUROTAKI is a resident alien residing at all times mentioned herein in Honolulu, Hawaii.

2. DEFENDANT UNITED STATES OF AMERICA is a sovereign nation who has consented to be sued on the subject matter alleged in this Complaint.

3. DEFENDANT THE DEPARTMENT OF TREASURY is the administrative agency charged with administering the FBAR. *See* 26 U.S.C. §§1474(f), 5314(a).

4. DEFENDANT INTERNAL REVENUE SERVICE is an agency part of the Department of Treasury and administers the FBAR. 26 U.S.C. § 7803(a)(1)(A); 31 C.F.R. § 103.56(g)

5. Jurisdiction is conferred by 28 USC 1346(a)(2), known as the Little Tucker Act, for recovery of amounts paid under $10,000 and by the Administrative Procedures Act, 5 USC 701 et seq. to set aside DEFENDANT's final agency decision, i.e., the IRS Appeals Decision, dated January 25, 2021, as arbitrary, capricious and contrary to law.

6. Venue is appropriate in this Court pursuant to 28 USC 1391(c).

## PRELIMINARY STATEMENT

7. 31 USC 5314 authorizes the Secretary of the Treasury to require United States residents and citizens to report to the Internal Revenue Service certain transactions with certain foreign financial entities and individuals.

8. Under the implementing regulations of Section 5314, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists[.]" 31 CFR 1010.350(a).

9. The report must be filed with IRS on a Report of Foreign Bank and Financial Account ("FBAR"). The FBAR is by June 30 "of each calendar year

with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 CFR 1010.306(c).

10. On or about January 25, 2021, DEFENDANT through its agency the Internal Revenue Service issued a final decision imposing excessive FBAR penalties against PLAINTIFF in the aggregate amount of $11,645,935.20. This amount relates to the years 2011, 2012 and 2013 and is composed of $3,129,464.63, $5,612,669.86 and $2,903,801.01, respectively. A copy of the IRS' final decision is attached hereto as Exhibit A.

11. On or about June 1, 2021, PLAINTIFF paid to IRS FBAR penalties of $3,000 for each of the years 2011, 2012 and 2013, for a total amount of $9,000.

12. On or about June 25, 2021, PLAINTIFF timely filed claims for refund of all such FBAR penalty amounts paid.

13. DEFENDANT refused to act within the six month period after the claims for refund weres submitted and therefore, such omission constitutes a denial of the claims for refund and entitles PLAINTIFF to institute this Complaint.

## BACKGROUND

14.     Plaintiff was born in Japan on 1961.  At all times relevant, Plaintiff has been a Japanese citizen.  Plaintiff attended high school and a two-year program in design in Japan.

15.     Plaintiff started a retail apparel business in Japan which was eventually incorporated as Ichioku, Co. Ltd. ("Ichioku"), which specializes in women's clothing. Ichioku owns Ichioku Thai Co., Ltd., a wholesale apparel business in Thailand, and JIH Company Limited, a wholesale apparel company in Hong Kong.

16.     In 1996, Plaintiff established Iloque, Inc., a clothing manufacturer in Los Angeles, California.  Iloque also operated two clothing stores in Hawaii which Plaintiff has minimal involvement with. In 1997, Plaintiff obtained a permanent resident card ("green card").

17.     Through out the years at issue, Plaintiff's primary daily activity was managing Ichioku.  Plaintiff and his family resided most of the time in Japan, frequently visiting Plaintiff's Hawaii home.  Plaintiff has limited English-speaking ability.

18.     Plaintiff's return preparer during the years in issue was Tomohiko Kokuso ("Kokuso").  Plaintiff understood that his filing obligation was to report the

Japanese income in Japan and the U.S. income in the United States. Japan does not have a filing requirement similar to an FBAR. Plaintiff did not have detailed discussions with Kokuso concerning Plaintiff's U.S. filing obligations. As a result, Plaintiff was entirely unaware of Plaintiff's obligation to file an FBAR for any of the periods in issue.

19. Plaintiff was audited in Japan in 2013. During the course of this audit Plaintiff was informed about Plaintiff's U.S. filing obligations. As a result of this information, Plaintiff filed an FBAR for 2013 disclosing his personal bank accounts. Plaintiff later discovered an obligation to file an FBAR with respect to bank accounts of his Japanese companies and provided that information. In addition, Plaintiff controlled a household account under his wife's name. Plaintiff later discovered a possible FBAR filing requirement with respect to that household account because of Plaintiff's control of the funds. Plaintiff then produced information for that small account.

20. Plaintiff was audited by IRS with respect to his U.S. filing obligations. Even though the IRS Revenue Agent was aware of Plaintiff's company accounts, the Agent originally indicated that FBAR filing was required only with respect to the personal accounts. The Agent subsequently changed position and determined that an FBAR obligation existed for more than 20 Japanese company

accounts. This determination ultimately formed the basis of the IRS assessment of the FBAR Penalties.

### FIRST CAUSE OF ACTION (Claims for Refund)

21. PLAINTIFF hereby incorporates each and every allegation heretofore set forth in Paragraphs 1 - 20 of this Complaint as though fully stated herein.

22. PLAINTIFF challenges each and every FBAR Penalty assessment as excessive and contrary to law and, in addition thereto, avers the following:

   a. the six (6) year statute of limitations afforded by 31 USC 5321(b)(1) expired before the assessment of the FBAR penalties;

   b. the FBAR penalties were assessed without written managerial approval, as required by 26 USC 6751(b);

   c. any failure to timely file or complete the FBARS herein was not willful;

   d. PLAINTIFF is entitled to mitigation of FBAR penalties, as a matter of law;

   e. FBAR penalties were computed erroneously; and

    f. reasonable cause exists for any failure of PLAINTIFF to file or complete accurate FBARs.

  23. Pursuant to 31 U.S.C. §5321(b)(1), IRS has six years after the FBAR due date to make an assessment of an FBAR penalty. The FBAR due dates for our years were as follows:

| Year | Due Date |
|---|---|
| 2011 | 6/30/2012 |
| 2012 | 6/30/2013 |
| 2013 | 6/30/2014 |

  24. The FBAR Penalties were assessed on January 25, 2021. That date is more than six years after the FBAR due date for assessment for the years 2011, 2012 and 2013. There was no valid waiver or consent extending the six-year period. As a result, all of the FBAR Penalties were assessed after the expiration of the period of limitations are unlawful. PLAINTIFF, therefore, is entitled to a refund of all amounts paid.

  25. The FBAR Penalties were assessed without managerial approval in writing. 26 U.S.C. §6751(b) states in relevant part, "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved in writing by the immediate supervisor of the individual making such

determination or such higher level official as the Secretary may designate."  Both the Agent's Form 9984, Examining Officer's Activity Record, and the Agent's workpapers show that the Agent's group manager did not approve the assessment of the FBAR Penalties in writing as required by §6751(b).

26. IRS assessed penalties under 31 U.S.C. §5321(a)(5) for a willful failure to file a complete and accurate FBAR.  The maximum penalty is the greater of $100,000 or 50% of the highest balance in an account during the course of the year to the extent the account was required to be reported. IRS based the FBAR Penalties on the 50% measure and limited to the total penalty that would have been due for the highest year (2012).  This 2012 amount was then allocated among the three years for which the FBAR Penalties were proposed.

27. The FBAR Penalties are only appropriate if Plaintiff's failure to file timely and complete FBARs was willful.  The classic definition of willfulness is "a voluntary, intentional violation of a known legal duty."  United States v. Pomponio, 429 U.S. 10, 12 (1976); Cheek v. United States, 498 U.S. 192 (1991). The lowest standard applied by the tax law to the definition of willfulness requires a voluntary, conscious and intentional act. See Klotz v. United States, 602 F.2d 900 (9th Cir. 1979).  Accordingly, willfulness cannot be based on anything for which the Plaintiff lacked knowledge.

28. Plaintiff had no actual knowledge of the FBAR filing requirement. With no "known legal duty" petitioner could not have acted willfully. With no knowledge of the FBAR filing requirement, Plaintiff could not have made "a voluntary, conscious and intentional act" in failing to file.

29. Plaintiff also did not have reckless disregard of the FBAR filing requirements. Plaintiff was unfamiliar with US filing obligations in general and exercised reasonable diligence in hiring Kokuso to provide advice. Plaintiff was not reckless in any respect.

30. IRS made no determination that Plaintiff had knowledge of the FBAR reporting requirement. Plaintiff had no accounting or tax education or training and there is no evidence that Plaintiff read or understood the lengthy correspondence provided by Kokuso. In addition, IRS interviewed Kokuso who disavowed any specific discussions with Plaintiff concerning Plaintiff's U.S. filing obligations. IRS has the burden of proof to establish willfulness. There is no evidence supporting a determination of willfulness in Plaintiff's case.

31. The FBAR penalty regime gives the Secretary discretion to impose a penalty ranging from zero up to the maximum amount of the applicable penalty, and IRS has adopted guidelines to promote consistency by IRS employees in exercising this discretion. See Internal Revenue Manual ("IRM") 4.26.16.6.6. For violations

occurring after October 22, 2004, those mitigation guidelines are set forth in IRM Exhibit 4.26.16-1. The mitigation guidelines apply if the Plaintiff satisfies four threshold criteria. Those prerequisites include (1) no past history of FBAR penalties; (2) no illegal source for the amounts deposited to the foreign account; (3) cooperation during the examination and filing of delinquent FBARs; and (4) no civil fraud determination on a related income tax audit.

      32.    Plaintiff meets all four criteria for mitigation:

          a.    Plaintiff has not had a history of past FBAR penalty assessments.

          b.    The money passing through the foreign accounts was not from an illegal source.

          c.    Plaintiff responded to more than 25 information document requests in addition to additional requests for information by email and phone calls. Plaintiff voluntarily agreed to two interviews, one where he was required to fly to the United States. Plaintiff filed all delinquent FBARs for all bank accounts during the examination.

          d.    IRS did not make a final determination of civil fraud against Plaintiff regarding the omitted foreign income attributed to the FBAR accounts.

    e. Plaintiff has met all of the mitigation guidelines as set forth in the IRM and mitigation of the FBAR Penalties is required.

  33. IRS assessed the penalty based on 50% of the highest account balance in the personal and company accounts for which Plaintiff had signature authority. The personal account balances were a di minimus portion of this liability. Even including the household account controlled by Plaintiff but held in his wife's name, the proportion of the personal accounts of the total amount determined by IRS is only 3.3% in 2011, 10.9% in 2012 and 5.2% in 2013. In addition, when Plaintiff was finally advised of his U.S. filing obligations in the course of the Japanese audit, Plaintiff actually filed and reported the primary personal account for 2013.

  34. The IRS computation of the FBAR Penalty amounts is based almost entirely on the determination of the Japanese company account balances. These company account balances include companies held directly by Plaintiff and subsidiaries of those companies. As a matter of law, it is legally incorrect to assert an FBAR obligation with respect to these Japanese company balances. As a result, the FBAR Penalties are grossly overstated based on this technical error.

  35. In addition, pursuant to IRM 4.26.16.6.5, IRS is required to compute the penalty on the June 30th account balance. Instead, IRS used the highest

account balance to compute the penalty. Therefore, the FBAR Penalties were improperly assessed in incorrect amounts.

36. Plaintiff has reasonable cause which requires waiver of all FBAR Penalty amounts. Plaintiff relied on Kokuso to satisfy Plaintiff's U.S. filing obligations. Kokuso had been Plaintiff's return preparer for many years prior to the years in issue. Kokuso was very well aware of Plaintiff's foreign business activities and foreign companies. Kokuso was also aware that Plaintiff lived most of the time in Japan with his family. Kokuso had adequate knowledge to determine the extent of Plaintiff's U.S. filing obligations.

37. Even though Kokuso had sufficient knowledge to properly advise Plaintiff of his U.S. filing obligations, Kokuso did not have detailed conversations or explain the extent of Plaintiff's obligations. As a trusted advisor who had knowledge of Plaintiff's foreign activities, Plaintiff was entitled to rely on Kokuso to properly advise him concerning Plaintiff's U.S. filing obligations. Plaintiff had minimal education, none of which was in the United States. The U.S. filing obligations of a green card holder are very obscure and require a high degree of understanding and sophistication. Reliance on a professional advisor is the only way a person in Plaintiff's position could reasonably be expected to comply. Under these

circumstances, reliance on a trusted professional advisor constitutes reasonable cause justifying the waiver of the FBAR Penalties.

38. The reasonable cause case is particularly strong for the FBAR Penalties assessed on the company accounts. Well over 90% of the FBAR Penalties were assessed for the Ichioku accounts and the accounts of the Ichioku subsidiaries. Kokuso was unaware the FBAR requirements extended to company accounts in these circumstances and advised Plaintiff incorrectly on his FBAR filing obligation for those accounts. The proof of reasonable cause is compelling for the company accounts.

## SECOND CAUSE OF ACTION (APA Violations)

39. PLAINTIFF hereby incorporates by reference each and every averment heretofore stated in Paragraphs 1 - 38 of this Complaint as though fully stated herein.

40. By reason thereof, the IRS' final decision of January 25, 2021 was contrary to its own rules and regulations and must be set aside pursuant to 5 U.S.C. 701 et seq. as arbitrary and capricious.

WHEREFORE, PLAINTIFF OSAMU KUROTAKI hereby prays that this Court hear the proceedings and enter judgment in favor of PLAINTIFF and against DEFENDANT UNITED STATES:

1. In the amount of $3,000 for the amount of FBAR penalties paid for the tax year 2011, or such other amount as may be legally refundable, plus interest as provided by law;

2. In the amount of $3,000 for the amount of FBAR penalties paid for the tax year 2012, or such other amount as may be legally refundable, plus interest as provided by law;

3. In the amount of $3,000 for the amount of FBAR penalties paid for the tax year 2013, or such other amount as may be legally refundable, plus interest as provided by law;

4. For Plaintiff's costs and fees associated with this action, including reasonable attorney's fees; and

5. Judgment declaring that the IRS January 25, 2021 final administrative decision was arbitrary, capricious and contrary to law and hereby is set aside; and

6. Such other and further relief as this Court deems appropriate.

Dated: Honolulu, Hawaii, _____February 14, 2022_____.


_____
HOWARD T. CHANG
GARY H. KUWADA
STEVEN R. MATHER
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this case.


Dated: Honolulu, Hawaii, _____February 14, 2022_____.


_____
HOWARD T. CHANG
GARY H. KUWADA
STEVEN R. MATHER
Attorneys for Plaintiff